Gaston, Judge.
 

 The plaintiff has not made out a case which, according to the rules of this court, entitles him to relief. When an executor has voluntarily paid legacies, he is not in general permitted to institute proceedings against the legatees to refund. As it is his folly to make suck payments before the amount of the estate can be ascertained, or his negligence in not acquainting himself with its amount, when that information may be obtained, neither of these grounds will entitle him to the interference of this court, and for that purpose, subject the legatees to- the inconvenience of an account of the- administration of the assets. There are certainly, however, excepted cases,, in which the executor can demand this relief. If debts be afterwards made to appear, of which debts there was no notice when the legacies were paid.; or if any casualty which could not have been reasonably anticipated, has,, without fault or negligence in the executor, destroyed what was kept for the payment of the debts — these matters arising subsequently to his settlement with the legatees, may give him an equity to call on them to refund what he needs for the satisfaction of creditors. But then the matters constituting this equity must be distinctly set forth in his bill, for obvious reasons. One is, to shew the right of the plaintiff to have what he asks of the court; and another is to enable the defendants to put in issue the matters upon which that right depends. The bill in that case is wholly insufficient. It sets forth
 
 no accident
 
 which has destroyed the estate, or impaired the value of the assets, and it does not charge
 
 what
 
 debts, if any, have been demanded since the payment of the legacies, of which the executor then had no notice. Had the bill, however been sufficient, no relief could be given, unless its material allegations were either admitted or proved.
 
 *553
 
 Here the statement in the hi 11, vague
 
 as
 
 it
 
 is, that the
 
 amount of debts exceeded the assets retained by the ex-ccutor, is wholly
 
 denied;
 
 the presumption of the law is against it; and there is
 
 no
 
 evidence of any sort to support the allegation, or to contradict the presumption.
 

 The bill must be dismissed, and at the costs of the plaintiff. As it is possible, however, that the plaintiff may have rights which can be shown on a proper bill, this dismission is directed to be made without prejudice.
 

 Per Curiam. — Bin Dismissed.